B. W. CRAIG, PLAINTIFF v. SOUTHERN RAILWAY COMPANY AND AT-
LANTA & CHARLOTTE AIRLINE RAILWAY COMPANY, ORIGINAL DE-
FENDANTS; AND CITY OF GASTONIA, INTERVENING DEFENDANT.

(Filed 30 September, 1964.)

**Deeds § 12; Railroads § 3—**

A deed reciting that the grantors did "sell and convey" to the grantee
a described tract of land, with habendum "to have and to hold the same
for railroad purposes in fee simple forever" conveys the fee simple and
not a mere easement for railroad purposes.

APPEAL by plaintiff from *Brock, J.,* June 1964 Civil Session of
GASTON.

This action to construe a deed was heard upon stipulated facts, which
we summarize:

On August 1, 1870, Oliver W. Davis owned 173 acres of land in
Gaston County. On that day, in consideration of five dollars, he and his
wife executed and delivered to Atlanta & Richmond Airline Railway
Company a deed whereby they did "sell and convey to the said party
of the second part: That tract or parcel of land lying in the County of
Gaston and State of North Carolina one hundred feet in width on each
side of said Railway Company's Roadway measuring from the center."
This deed contained two habendum clauses as follows:

> "TO HAVE AND TO HOLD the same for railroad purposes in
> fee simple forever through any lands owned or claimed by said
> parties of the first. 'Provided that the said Railway shall not be lo-
> cated within less than ninety feet (90) of the dwelling house of
> the said parties of the first part if such location be in the rear of
> said dwelling and if in front thereof sufficiently distant therefrom
> to render said dwelling and outhouses safe from the sparks of the
> engines as they passed. It being also understood that said parties
> of the first part may be allowed the use of the timber on said
> lands and of all metals therein and of so much of said land as
> may not be required for the use of said Railway.'

> "TO HAVE AND TO HOLD the same with the appurtenances
> thereto belonging (including the right of dower of the said J. W.
> Davis femme covert) to said Atlanta & Richmond Air Line Rail-
> way Company in N. C., the party of the second part, their heirs
> and assigns, forever."

Pursuant to this deed the grantee went into possession of the two-
hundred-foot strip of land described therein and later conveyed it to

defendant Atlanta & Charlotte Airline Railway Company, which leased it to Southern Railway Company, the present occupant. These two railway companies have now entered into an agreement with the intervening defendant, City of Gastonia, to lease it a part of the property for a parking lot, a use which is not for any railroad purpose.

Oliver W. Davis and his wife are both dead. Plaintiff is one of their numerous heirs, all of whom claim to own the fee in the land in question as tenants in common and who deny the right of defendants to enter into the proposed lease.

In his complaint the plaintiff alleges the facts stipulated above and prays the court to enter a judgment declaring that the Atlanta & Charlotte Railway Company owns only an easement for railway purposes in the land in question and that the heirs of Oliver W. Davis own the fee. The court, however, held that the 1870 deed from Davis conveyed the fee to his grantee. From a judgment decreeing that plaintiff had no interest in the land described therein, he appeals.

*Hollowell & Stott by L. B. Hollowell, Jr., for plaintiff appellant.*

*Joyner & Howison by W. T. Joyner, Jr., for Southern Railway Company and Atlanta & Charlotte Airline Railway Company, defendants appellees.*

*Garland & Alala by James B. Garland for City of Gastonia, intervening defendant appellee.*

PER CURIAM. This appeal, as the parties have stipulated, presents one question: Did the deed from Oliver W. Davis convey the fee to Atlanta & Richmond Airline Railway Company or merely an easement for railway purposes? The answer is found in the opinion in *McCotter v. Barnes*, 247 N.C. 480, 101 S.E. 2d 330, which fully discusses all the problems involved here. The Davis deed conveyed a fee simple to the grantee.

The judgment below is

Affirmed.